UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NEAL MEDLEY,

        Plaintiff,

 -against-

CITY OF NEW YORK and DETECTIVE ROXANNE JOSEPH,

        Defendants.
------------------------------------------------------------------------x

**AMENDED VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

Index No.: 10 CV 3863 (SLT)(RML)

    Plaintiff, by his attorneys, MARK L. LUBELSKY AND ASSOCIATES, complaining of the Defendants, alleges as follows:

## NATURE OF CASE

1.    This is an action by a citizen of the United States brought to remedy a deprivation of his civil rights by person(s) acting under color of state law in violation of 42 U.S.C. Section 1983 seeking damages, and other appropriate legal and equitable relief.

## PROCEDURAL AND JURISDICTION PREREQUISITES

2.    Plaintiff has complied fully with all prerequisites to jurisdiction in this Court. Jurisdiction of the court is proper under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

3.    As the unlawful practices complained of herein occurred within the Eastern District of New York, venue is proper.

## PARTIES

4. Upon information and belief, that at all times hereinafter mentioned, Defendant THE CITY OF NEW YORK was and still is a municipal corporation having its principal place of business in the County, City and State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, Defendant THE CITY OF NEW YORK operated, maintained and was responsible for The New York City Police Department located in the Kings County, City and State of New York.

6. Upon information and belief DETECTIVE ROXANNE JOSEPH deprived Plaintiff of his civil rights while acting under color of state law.

7. Upon information and belief defendant DETECTIVE ROXANNE JOSEPH was employed by the New York City Police Department at all material times herein.

8. Upon information and belief defendant DETECTIVE ROXANNE JOSEPH was employed by THE CITY OF NEW YORK at all material times herein.

9. At all material times herein, Plaintiff was and is a resident of the County of Kings, State of New York.

10. Plaintiff at all relevant times herein, resided at 10 Amboy Street, Apt 11H, Brooklyn, NY 11233.

## MATERIAL FACTS

11. On or about October 19, 2006 at or about 5:50 a.m. Plaintiff was lawfully walking down a public street when he was approached by DETECTIVE ROXANNE JOSEPH.

12. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff was carrying a black shopping bag from which was protruding what appeared to DETECTIVE ROXANNE JOSEPH to be a radiator.

13. On or about October 19, 2006 at or about 5:50 a.m., DETECTIVE ROXANNE JOSEPH asked the Plaintiff "Where did you get that?"

14. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff simply replied "Come on, man."

15. On or about October 19, 2006 at or about 5:50 a.m., DETECTIVE ROXANNE JOSEPH made no further inquiries as to whether Plaintiff possessed a bill of sale or other proper proof of ownership or right to possession.

16. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff was unlawfully arrested by DETECTIVE ROXANNE JOSEPH without a warrant and without probable cause.

17. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff did not threaten DETECTIVE ROXANNE JOSEPH in any manner at any point.

18. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff was unlawfully arrested by DETECTIVE ROXANNE JOSEPH without reasonable suspicion, probable cause or any valid basis for a warrantless arrest.

19. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff was deprived of his Fourth Amendment rights to be free from unreasonable searches and seizures.

20. On or about October 19, 2006 at or about 5:50 a.m. Plaintiff did not engage in any conduct, behavior or activity that was criminal, suspicious, or dangerous to himself or others.

21. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff's response of "come on, man" was not evasive, suspicious, false, or otherwise exhibited consciousness of guilt as to provide justification for the arrest.

22. On or about October 19, 2006 at or about 5:50 a.m., DETECTIVE ROXANNE JOSEPH conducted an unlawful search of Plaintiff's person.

23. On or about October 19, 2006 at or about 5:50 a.m., during the unlawful search of Plaintiff's person, DETECTIVE ROXANNE JOSEPH discovered a zip lock bag containing cocaine residue.

24. On or about October 19, 2006 at or about 5:50 a.m. Plaintiff was unlawfully detained and wrongfully imprisoned in violation of Plaintiff's civil rights.

25. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff was charged with criminal possession of a controlled substance in the second degree and transporting used materials on a public street without proof of ownership or of the right to possess such materials.

26. On or about October 19, 2006 at or about 5:50 a.m., no time during the events described herein was Plaintiff intoxicated, incapacitated, a threat to the safety of himself or others or disorderly.

27. On or about October 19, 2006 at or about 5:50 a.m., DETECTIVE ROXANNE JOSEPH had no warrant for the arrest of Plaintiff, no probable cause for the arrest, and no legal cause or excuse to seize the Plaintiff.

28. Upon information and belief, Defendants intentionally attempted to deprive Plaintiff of his liberty.

29. Upon information and belief, Defendants intentionally deprived Plaintiff or his liberty.

4

30. On or about October 19, 2006, Plaintiff was deprived of his civil rights by Defendants while acting under color of state law.

31. On or about October 19, 2006 at or about 5:50 a.m., Defendants confined Plaintiff to a bounded area.

32. On or about October 19, 2006 at or about 5:50 a.m., Defendants intended to confine Plaintiff to a bounded area.

33. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff was conscious of his confinement.

34. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff at no time consented to the unlawful confinement.

35. On or about October 19, 2006 at or about 5:50 a.m., Defendants falsely imprisoned Plaintiff.

36. On or about October 19, 2006 at or about 5:50 a.m., Defendants wrongfully imprisoned Plaintiff.

37. On or about October 19, 2006 at or about 5:50 a.m., Defendants' behavior towards Plaintiff was prohibited by federal law.

38. On or about October 19, 2006 at or about 5:50 a.m., Plaintiff's right not to be subject to the illegal conduct of Defendant was clearly established.

39. On or about October 19, 2006 at or about 5:50 a.m., it was objectively reasonable for Defendant to know that her conduct violated the constitutional rights of Plaintiff.

40. On or about October 19, 2006 at or about 5:50 a.m., it was objectively reasonable for the Defendant to know that there was no lawful basis for the arrest, detention and imprisonment of Plaintiff.

41. On or about October 19, 2006 at or about 5:50 a.m., it was objectively unreasonable that the Defendant did not know that her conduct violated the rights of Plaintiff.

42. On or about October 19, 2006 at or about 5:50 a.m., it was objectively unreasonable that the Defendant did not know that there was no lawful basis for the arrest, detention and imprisonment of Plaintiff.

43. On or about October 19, 2006 at or about 5:50 a.m., a reasonable officer in DETECTIVE ROXANNE JOSEPH position would not have thought her actions were lawful.

44. On or about October 19, 2006, Plaintiff was unable to post bond and was unlawfully confined through the duration of his criminal trial.

45. On about October 19, 2006, DETECTIVE ROXANNE JOSEPH unlawful arrest was the direct and proximate cause of Plaintiff's extended confinement.

46. On or about October 19, 2006 Defendants commenced a criminal proceeding against Plaintiff.

47. On or about October 19, 2006, the criminal proceeding by the Defendants was not based on probable cause.

48. On or about October 19, 2006, the criminal proceeding was commenced by the Defendants with malice.

49. On or about October 19, 2006, Defendants were totally lacking probable cause to commence the criminal proceedings against Plaintiff.

50. On or about October 19, 2006, Plaintiff was deprived of his liberty.

51. On or about April 26, 2007, Plaintiff was found guilty of criminal possession of a controlled substance in the seventh degree and acquitted of the transporting of used materials on a public street without proof of ownership.

52. In or about July 2007, Plaintiff was released from prison after serving out the remainder of his sentence.

53. On or about March 18, 2009, the judgment of conviction for criminal possession of a controlled substance in the seventh degree against the Plaintiff was reversed because DETECTIVE ROXANNE JOSEPH lacked any probable cause to arrest and search Plaintiff on October 19, 2006 at or about 5:50 a.m.

54. On or about from October 19, 2006 to on or about April 26, 2007, Plaintiff was unlawfully imprisoned and all resulting damages were the foreseeable result of the Defendantsø unlawful arrest, imprisonment, and malicious prosecution.

55. On or about from April 26, 2007, to on or about July 2007, Plaintiff was unlawfully imprisoned following a judicial error in the lower court which is a foreseeable result of the initial unlawful act.

56. Plaintiff contends that the current state of the law is ripe for review because it is clearly foreseeable that judicial error can occur extending the initial unlawful imprisonment.

57. The sheer volume of lower court decisions that have been reversed has led to numerous exonerations of individuals who have been wrongfully imprisoned based on original cases that lacked any probable cause.

58. Therefore, Plaintiff contends it is foreseeable that an arrest without probable cause could lead to a person being wrongfully convicted and imprisoned in violation of their civil rights and resulting in a deprivation of their liberty.

59. An incorrect judicial determination should no longer be viewed as a break in the chain of causation since such occurrences have occurred on many occasions in our legal system.

60. The subsequent judicial determination should be viewed as foreseeable successive liability, in which the initial wrongdoer should be held liable for the entire period of damages caused by their actions.

61. A subsequent judicial determination should be treated like situations where a tortfeasor is held liable to the plaintiff for any subsequent aggravation of the injuries they initially caused, such as in a case where the victim seeks medical treatment following the initial injury, any subsequent aggravation of the injury caused through medical malpractice is still treated as a foreseeable consequence of the initial wrongdoing.

62. Defendantsø entire course of conduct against Plaintiff was the result of a lack of training by Defendant CITY OF NEW YORK.

63. Defendantsø entire course of conduct against Plaintiff was the result of a lack of improper supervision by Defendant CITY OF NEW YORK.

64. Defendantsø entire course of conduct against Plaintiff was the result of a lack of improper hiring by Defendant CITY OF NEW YORK.

## AS A FIRST CAUSE OF ACTION FOR A VIOLATION OF FALSE ARREST AND UNLAWFULL IMPRISONMENT

65. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "64" inclusive, with the same force and effect as if more fully set forth at length herein.

66. Plaintiff has been deprived of his civil rights by Defendants while acting under color of state law in violation of 42 USC § 1983.

67. Defendants intended to confine and did confine Plaintiff.

68. Plaintiff did not consent to the confinement and was conscious of the confinement.

69. The confinement was not privileged at anytime.

70. Defendants conduct violated a clearly established constitutional right of which a reasonable person would have known.

71. It was not objectively reasonable for Defendant to believe her actions were lawful.

72. That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery compensatory damages and reasonable attorneys' fees and costs from all defendants and punitive damages from all individual defendants, in an amount to be determined upon the trial of this action.

## AS A SECOND CAUSE OF ACTION FOR A VIOLATION OF MALICIOUS PROSECUTION

73. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "72" inclusive, with the same force and effect as if more fully set forth at length herein.

74. Plaintiff has been deprived of his civil rights by Defendants while acting under color of state law in violation of 42 USC § 1983.

75. Defendants either commenced a criminal proceeding against Plaintiff.

76. The proceeding terminated in the Plaintiffs favor.

77. The proceeding was not based on probable cause and brought with actual malice.

78. That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery compensatory damages and reasonable attorneysø fees and costs from all defendants and punitive damages from all individual defendants, in an amount to be determined upon the trial of this action.

### AS A THIRD CAUSE OF ACTION FOR A VIOLATION OF REFUSING OR NEGLGECT TO PREVENT

79. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through õ78" inclusive, with the same force and effect as if more fully set forth at length herein.

80. Defendants had a duty to properly train Defendant Officers and Defendants failed to properly train Defendant Officers.

81. The failure to properly train Defendant Officers caused Plaintiff to be deprived of his civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

82. The failure to properly train Defendant Officers caused Plaintiff to be deprived of his civil rights by the Defendants acting under color of state law in violation of 42 USC § 1983.

83. Defendants had a duty to properly supervise Defendant Officers and Defendants failed to properly supervise Defendant Officers.

84. The failure to properly supervise Defendant Officers caused Plaintiff to be deprived of his civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

10

85. That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery compensatory damages and reasonable attorneys' fees and costs from all defendants and punitive damages from all individual defendants, in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount to be determined at trial including but not limited to compensatory damages against all Defendants and punitive against the Defendant Officers together with attorneys' fees and the costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York  
May 24, 2011

MARK L. LUBELSKY AND ASSOCIATES

By: ___/s/ Mark Lubelsky_____  
Mark L. Lubelsky, Esq.  
Attorneys for Plaintiff  
123 West 18th Street, Eighth Floor  
New York, New York 10011  
(212) 242-7480